**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| JUAN CARLOS PEÑA-LUGUERA, et al., **Plaintiffs,** v. MDC GUAYNABO, et al., **Defendants.** | **CIVIL NO. 24-1436 (RAM)** |

### MEMORANDUM AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge

On July 16, 2025, the Court ordered Plaintiffs Juan Carlos Peña-Luguera and Joshua Jandel Ortiz-Diaz (collectively, "Plaintiffs") show cause as to why their *Amended Complaint* should not be dismissed. (Docket No. 23). For the reasons set forth below, the Court hereby **DISMISSES WITH PREJUDICE** Plaintiffs' claims.

Plaintiffs filed suit against Defendants Metropolitan Detention Center Guaynabo ("MDC Guaynabo") and a Captain Nieves (first name unknown) (collectively, "Defendants") on September 19, 2024. (Docket No. 1). Pro bono counsel was appointed on October 9, 2024. (Docket Nos. 7 and 8). An *Amended Complaint* was filed on October 10, 2024, followed by a *Second Amended Complaint* on March 3, 2025. (Docket Nos. 10 and 21). In sum, Plaintiffs allege that their status as a same-sex couple has resulted in discriminatory treatment by prison staff as they have been separated from each other in different prison units, and bring a 42 U.S.C. § 1983 claim

to this effect. (Docket No. 21). On May 12, 2025, the Court ordered that Plaintiffs serve the *Second Amended Complaint* upon Defendants by July 11, 2025, and that failure to comply with this deadline may result in dismissal without prejudice. (Docket No. 22). On July 16, 2025, the Court ordered Plaintiffs to show cause as to why the *Second Amended Complaint* should not be dismissed for failure to serve process as ordered by the Court on May 12, 2025; failure to exhaust administrative remedies; and failure to state a claim upon which relief may be granted. (Docket No. 23). Plaintiffs have not responded to the Court's orders or otherwise indicated that service has been performed.

As a threshold matter, "the First Circuit has recognized that failure of a plaintiff to prosecute or comply with any court order is grounds for dismissal with prejudice. Disobedience of court orders can in and of itself be extreme misconduct warranting the sanction of dismissal with prejudice." Melendez v. SAP Andina y del Caribe, C.A., 518 F.Supp. 2d 344, 364 (D.P.R. 2007) (collecting cases); *see* Montanez-Quinones v. U.S. Dept. of Com., Civil No. 23-1270, 2023 WL 5937284, at *2 (D.P.R. Sept. 12, 2023) (dismissing a complaint for failure to state a claim upon which relief may be granted and for failure to respond to court orders). The Federal Rules of Civil Procedure further contemplate dismissal as an appropriate remedy for a plaintiff's failure to prosecute or comply with a court order. *See* Fed. R. Civ. P. 41(b). Dismissal is thus

warranted for Plaintiffs' failure to comply with the Court's July 16, 2025, court order.

Furthermore, there is no indication that Plaintiffs have exhausted administrative remedies. The *Second Amended Complaint* makes no mention of any administrative remedies sought out by Plaintiffs. Exhaustion of these remedies is mandatory, and without satisfying this requirement, Plaintiffs cannot bring the instant § 1983 claim or any other federal claim related to their prison conditions. *See* Torres Rios v. Pereira Castillo, 545 F.Supp. 2d 204, 205 (D.P.R. 2007) (detailing the exhaustion requirements in prisoner litigation). Even if Plaintiffs had complied with the Court's order, dismissal would still be appropriate for failure to exhaust administrative remedies.

Finally, dismissal is appropriate because Plaintiffs have not stated a claim for which relief could be granted. Multiple courts have found that inmates do not have constitutional or statutory rights to cohabitate or associate with other inmates. *See* Drew v. City of N.Y., Civil No. 18-10719, 2022 WL 19705, at *4 (S.D.N.Y. Jan. 3, 2022) (in the First Amendment context, inmates do not have constitutional or statutory rights to associate with other inmates); Cotto v. Reagle, Civil No. 24-921, 2024 WL 4818404, at *5 (N.D. Ind. Nov. 15, 2024) ("Prisoners do not have a constitutional right to the housing assignment of their choice, and where best to house a prisoner is ordinarily a matter that is

committed to the discretion of prison officials."); <u>Conn v. St. Charles Cnty. Jail</u>, Civil No. 07-1561, 2007 WL 2994271, at *2 (E.D. Mo. Oct. 11, 2007) ("Prisoners do not have a constitutional right to be housed with a cellmate of their choice."); <u>Skinner v. Moyer</u>, Civil No. 17-3262, 2020 WL 1065740, at *10 (D. Md. Mar. 4, 2020) ("Ordinarily, prisoners do not have a right to due process in their housing assignments."). As Plaintiffs have not presented the Court with a viable claim for relief, the *Second Amended Complaint* must be dismissed on its merits.

For the foregoing reasons, the Court hereby **DISMISSES WITH PREJUDICE** Plaintiffs' *Second Amended Complaint*. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 15th day of August 2025.

s/Raúl M. Arias-Marxuach
UNITED STATES DISTRICT JUDGE